IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES BRASWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:16cv822-WKW-WC |
| | ) |
| GLOVIS AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 14, 2016, Plaintiff filed a complaint alleging six claims: (1) age discrimination in violation of The Age Discrimination in Employment Act, *see* Doc. 1 at 6; (2) Title VII disability discrimination, *see id*. at 7-8; (3) Title VII retaliation, *see id*. at 9-10; (4) Title VII retaliatory hostile work environment, *see id*. at 10; (5) 42 U.S.C. § 1981 retaliation, *see id*. at 11-12; and (6) 42 U.S.C. § 1981 retaliatory hostile work environment, *see id*. at 12-13. Defendant filed a motion to partially dismiss Plaintiff's complaint, or in the alternative, stay the case. *See* Doc. 12. Plaintiff filed a response opposing the motion to dismiss but does not oppose the motion to stay on the basis of judicial economy and efficiency. See Doc. 18. Specifically, Plaintiff alerted the court that he "intends to amend his Complaint to include additional claims upon receiving a 'right to sue' [letter] from the EEOC." Id. at 3. Defendant then filed a reply "respectfully request[ing] that the Court stay this case until Plaintiff receives his right-to-sue-letter from the EEOC." Doc. 19 at 1, ¶ 3.

Upon consideration of Defendant's motion, Plaintiff's response, and Defendant's reply, the undersigned recommends that Defendant's motion, in the alternative, to stay the case be granted and that Defendant's partial motion to be dismiss Plaintiff's complaint be denied without prejudice. Plaintiff currently has an EEOC charge pending that "includes claims that are not brought in this [current] action[,]" but that "includes facts that are related to the retaliation claims he has brought in the current action." Pl.'s Resp. (Doc. 18) at 3. In its reply to Plaintiff's response, Defendant does not reply to Plaintiff's argument against partial dismissal, but, instead, asks the court to stay the case considering "Plaintiff did not oppose staying the case while his claims are pending with the EEOC." Doc. 19 at 1. Because the parties seem to reach consensus that the case should be stayed, and the undersigned finds no reason to disagree, the undersigned recommends that the stay be granted.

For the foregoing reasons, the undersigned

RECOMMENDS that Defendant's Motion to Partially Dismiss the Case (Doc. 12) be DENIED and Defendant's Motion, in the Alternative, to Stay the Case be GRANTED. The undersigned further

RECOMMENDS that the court enter an order to the effect that, if Plaintiff receives a right-to-sue-letter from the EEOC, Plaintiff shall notify the court within five days of receiving such notification that Plaintiff has received a right-to-sue-letter and whether Plaintiff intends to amend his complaint. If Plaintiff intends to file an amended complaint, Plaintiff shall file a separate motion to amend, attaching his proposed amended complaint, within ten days of the aforementioned notice to the court. If Plaintiff does not receive a

right-to-sue-letter from the EEOC, Plaintiff is to notify the court how he wishes to proceed. Accordingly, the undersigned

RECOMMENDS that the Clerk of the Court be directed to administratively close the case until further notification is received from Plaintiff. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 17, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

DONE this 3rd day of March, 2017.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE